```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :    ECF CASE
ANNABELLE MEBANE,                        :
                                         :    06 Civ. 1972 (WCC)
                    Plaintiff,           :
                                         :
       - against -                       :    OPINION
                                         :    AND ORDER
GC SERVICES LIMITED PARTNERSHIP,         :
                                         :
                    Defendant.           :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                          ADAM J. FISHBEIN, P.C.
                          **Attorneys for Plaintiff**
                          735 Central Avenue
                          Woodmere, New York 11598

ADAM J. FISHBEIN, ESQ.
       Of Counsel

                          ARTHUR J. SANDERS, ESQ.
                          **Attorneys for Defendant**
                          Two Perlman Drive, Suite 301
                          Spring Valley, New York 10977

ARTHUR J. SANDERS, ESQ.
       Of Counsel

                          **Copies E-Mailed to Counsel of Record**

**Conner, Sr. D.J.:**

Plaintiff Annabelle Mebane brings the instant action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") against defendant GC Services Limited Partnership ("GC Services"). Plaintiff alleges that defendant violated the FDCPA by sending her a letter offering to settle an outstanding debt that specifically requested payment in the form of a cashier's check or money order despite the fact that defendant also would permit payment in the form of a personal check. According to plaintiff, defendant's letter constituted a deceptive debt collection practice because it did not specifically list personal checks as an acceptable mode of payment. Defendant contends that, as a matter of law, the FDCPA contains no requirement that all debt collection letters list every acceptable payment option and, accordingly, defendant moves for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff's Complaint reveals the following facts, which, for the purposes of the present motion, are undisputed. (Def. Mem. Supp. Mot. J. Pldgs. at 5 n.1.) Defendant is a "debt collector"[1] within the meaning of the FDCPA and sought to collect a $322.06 consumer debt from plaintiff. (*See* Complt., Ex. A.) Defendant sent a collection letter notice to plaintiff offering to settle the aforementioned debt for seventy percent of the total amount due if payment were made within

---

[1] The term "debt collector" is defined in the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

fourteen days of the date of the letter. (*Id.*) Specifically, the letter stated, in pertinent part:

> This is a great opportunity to finally take care of this long overdue account. If you wish to take advantage of this offer, contact our office or mail your remittance, in the form of a *cashier's check or money order*, in the amount of $225.44. If the settlement amount is not received within (14) days of the date of this letter this offer will become null and void. Please note that this letter does not reduce your rights as stated on the reverse side of this letter.

(*Id.* (emphasis added).) The letter did not state that defendant also would accept payment in the form of a personal check. (Def. Mem. Supp. Mot. Pldgs. at 4.) Plaintiff subsequently commenced the present action, alleging that the letter constituted a deceptive debt collection practice in violation of 15 U.S.C. § 1692e(10).[2]

**DISCUSSION**

**I.   Legal Standard**

In ruling on a motion under FED. R. CIV. P. 12(c) motion, the Court employs the standard applicable to a motion made pursuant to FED. R. CIV. P. 12(b)(6). *See Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 835 F.2d 980, 982 (2d Cir. 1987). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974). On such a motion, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Id.* at 236. A complaint should not be

---

[2] 15 U.S.C. § 1692e(10) provides, in pertinent part:
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . . The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)).   In assessing the legal sufficiency of a claim, the Court may consider those facts alleged in documents that are "integral" to plaintiff's claims, even if not explicitly incorporated by reference. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991); *Smart v. Goord*, 441 F. Supp. 2d 631, 637 (S.D.N.Y. 2006) ("'[W]hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion.'") (quoting *Garcia v. Lewis*, No. 05 Civ. 1153, 2005 WL 1423253, at *3 (S.D.N.Y. June 16, 2005); *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) ("[T]he Court can consider documents referenced in the complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing suit."). In the present case, we will consider the collection notice at issue, which plaintiff attached to her Complaint, in determining whether its use violated the FDCPA.

### II.     Whether Use of the Collection Notice Violated the FDCPA

The FDCPA was created in an attempt to stop abusive and deceptive practices by third party debt collectors and to insure that those who refrain from such practices are not competitively disadvantaged. *See* 15 U.S.C. § 1692 (e). It incorporates congressional findings that debt collection abuses, including late night phone calls, the use of profane language and threats of violence, are widespread and pervasive. *Id.* § 1696; *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.

3

1996). The FDCPA expressly prohibits certain practices deemed to be particularly egregious, including the three aforementioned activities. *See* 15 U.S.C. §§ 1692(d)(1)-(6). It also contains a "catch-all" provision prohibiting any debt collection practice that is "false, deceptive, or misleading." 15 U.S.C. § 1692e(10); *see also Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993) ("[T]he use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e–regardless of whether the representation in question violates a particular subsection of that provision.").

When evaluating the deceptiveness of collection material, we must consider how it would be perceived by the "least sophisticated consumer." *Clomon*, 988 F.2d at 1318 ("The most widely accepted test for determining whether a collection letter violates § 1692e is an objective standard based on the 'least sophisticated consumer.'"). Generally, deceptive collection notices contain confusing or contradictory language about the consumer's rights. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) (*quoting Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)). Notices that fail to include certain statutorily-mandated consumer protection provisions are also prohibited. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir 2001); *see also* 15 U.S.C. 1692g(a)(4) (requiring debt collector to "send the consumer a written notice containing . . . a statement that if the consumer notifies the debt collector in writing within [thirty days after receipt of the notice] that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.").

Of course, courts must balance the need to protect consumers against the need to shelter debt collectors "against liability for unreasonable misinterpretations of collection notices." *Clomon*, 988 F.2d at 1319. Accordingly, the FDCPA "does not extend to every bizarre or idiosyncratic

4

interpretation" of a collection notice.  *Id.*  For example, notices where the pertinent information is on the rear, as opposed to the front side, of a collection letter do not violate the FDCPA.  *See McStay v. I.C. Sys., Inc.,* 308 F.3d 188, 190 (2d Cir. 2002).  The standard presumes the consumer at least "possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Clomon*, 988 F.2d at 1319.

Considering the undisputed facts of the present case, we conclude that the least sophisticated consumer would not be misled by defendant's collection notice.  As defendant correctly points out, the FDCPA does not require that a debt collection notice list every acceptable mode of payment, (*see* Def. Mem. Supp. Mot. J. Pldgs. at 11) nor does it require that a debt collector accept certain types of payment.  Nowhere does the collection notice state that defendant would not accept personal checks, and, moreover, the notice specifically states that "[defendant is] being as flexible as possible with [plaintiff,]" and advises plaintiff to "call us today and let us help . . . resolve this overdue account."  (Complt., Ex. A.)  Clearly, the collection notice evinces a desire to resolve the debt and lists two permissible ways of doing so, namely, payment of seventy percent of the amount owed by either certified check or money order.  To hold, as plaintiff suggests, that defendant violated the FDCPA by failing to itemize all acceptable modes of payment would force a debt collector to either: (1) accept specifically enumerated modes of payment and absolutely refuse other modes; or (2) risk liability for failure to note that it might, under certain circumstances, accept some other form of payment.  Such an interpretation would turn the FDCPA it on its head.  Accordingly, for the foregoing reasons, we conclude that the least sophisticated consumer would not be deceived by defendant's collection notice.

Notably, the present matter is not the first in which plaintiff's counsel, Adam Fishbein, has

been criticized for pursuing frivolous claims under the FDCPA. In *Turner v. Asset Acceptance, LLC*, 302 F. Supp. 2d 56, 58 (S.D.N.Y. 2004), the plaintiff contended that a collection notice stating: "It is a pleasure to welcome you as a new customer" violated the FDCPA because

> the letter "is not intended to actually welcome [the plaintiff] to anything," . . . and . . . because Plaintiff is not a "customer" of Defendant, but rather a "debtor" or "consumer." Plaintiff submits that the least sophisticated consumer could be led to think that this letter is a "friendly" communication and that the debt is instead a payment for something "service-related," thus "welcoming confusion and dismay" upon the reader.

*Id*. In rejecting plaintiff's counsel's argument, the court stated:

> It is this court that has experienced "confusion and dismay" at being required to rule on this frivolous question. . . . While Congress enacted the FDCPA in order to address many odious practices used by the debt collection industry, friendliness was not one of those odious practices. It is both possible and desirable for a new creditor to establish cordial relations with its debtors, and I find that as a matter of law there is nothing remotely deceptive about Defendant's use of the phrase "It is a pleasure to welcome you . . . ."

*Id*. The *Turner* court also noted: "Congress enacted the FDCPA in order to combat egregious abuses of debtors, abuses that are real and troubling. It is almost as troubling, however, for an attorney to take unreasonable advantage of Congress's good intentions and the sound legislation it has enacted." *Id*. at 59; *see also Kapeluschnik v. Leschack & Grodensky, P.C.*, No. 96-CV-2399, 1999 U.S. Dist. LEXIS 22883, at *30-31 (E.D.N.Y. Aug. 26, 1999) (characterizing Fishbein's FDCPA argument as "frivolous"); *cf. Laster v. Cole*, No. 99-CV-2837, 2000 U.S. Dist. LEXIS 8672, at *4-5 (E.D.N.Y. June 23, 2000) (noting that Fishbein "inflated his billable hours and filed a perjurious affirmation" with the court).

In the present case, defendant conferred a benefit on plaintiff by offering to settle her indebtedness for a prompt payment of seventy percent of the amount due by cashier's check or

money order.  Nothing required defendant to allow the same generous discount for payment by any other means.  And, even if it would do so, nothing requires it to inform the debtor of that option.  The action is patently frivolous and a disturbing abuse of the privilege to practice in a federal court.

## CONCLUSION

For the foregoing reasons, the motion of defendant GC Services Limited Partnership for judgment on the pleadings is granted.  The Clerk's Office is directed to enter judgment in favor of defendant dismissing the Complaint in its entirety with prejudice and without costs or attorney's fees.

SO ORDERED.
Dated: White Plains, NY
       March 9, 2007

                                               *William C. Conner*
                                       Senior United States District Judge